IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHRISTOPHER R. SPIVEY,

     Plaintiff,

vs.                               No. 07-2629-JDB/dkv

JERRY WOODALL, et al.,

     Defendants.

ORDER GRANTING MOTION TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u>
ORDER TO CORRECT DOCKET
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff, Christopher Spivey, a citizen of Memphis filed this <u>pro</u> <u>se</u> complaint, along with a motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. Based upon the information contained in the affidavit supporting Plaintiff's motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> the motion is GRANTED. The Clerk of Court shall file the case and record the defendants as Jerry Woodall, F. Dean Barry, Robert D. Star, and Robert Stevie Beal. The Clerk shall not issue process or serve any papers in this case.

Spivey purports to bring this action on behalf of his daughter, Nakiya L. Timberlake. Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." A party in federal court, however, must proceed either through licensed counsel or on

his or her own behalf. See 28 U.S.C. § 1654; Mikeska v. Collins, 928 F.2d 126 (5th Cir. 1991); Bonacci v. Kindt, 868 F.2d 1442, 1443 (5th Circuit 1989). Non-lawyers may not represent another person in court, even if the pro se party is a relative. See, e.g., Cheung v. Youth Orchestra Foundation, Inc., 906 F.2d 59, 61 (2d Cir. 1990); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986); Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978); Brown v. Ortho Diagnostic Sys., 868 F. Supp. 168, 170 (E.D. Va. 1994)(following Meeker and progeny); Snead v. Kirkland, 462 F. Supp. 914, 917 (E.D. Pa. 1978). Spivey may only appear pro se on his own behalf in his own lawsuit. He is not entitled to represent his daughter or present claims on her behalf. The Clerk is directed to terminate Nakiya Timberlake as a plaintiff.

Spivey's complaint has been filed in the wrong forum. Defendants are located in and the events giving rise to Plaintiff's claims occurred in Henderson County, which is located in the Eastern Division of the Western District of Tennessee. See 28 U.S.C. § 123(c)(1). Plaintiff's complaint is subject to dismissal or transfer to the appropriate venue.

Under 28 U.S.C. § 1406(a), a case filed in the wrong district should be dismissed unless the interests of justice require a transfer. "The statute explicitly contemplates dismissal unless otherwise warranted." Peckio v. Shay, 708 F. Supp. 75, 76 (S.D.N.Y. 1989). Once a court determines that venue is improper, it should examine the merits of the plaintiff's action in deciding whether the interests of justice require transfer instead of dismissal. See, e.g., King v. Russell, 963 F.2d 1301, 1305 (9th Cir. 1992);

2

Hapaniewski v. Chicago Heights, 684 F. Supp. 1011, 1013-14 (N.D. Ind. 1988); see also Shemonsky v. Office of Thrift Supervision, Dep't of Treasury, 733 F. Supp. 892, 895 (M.D. Pa. 1990)(suit against federal agency dismissed for failure to exhaust administrative remedies, instead of being transferred for improper venue); Safeco Ins. Co. v. Miller, 591 F. Supp. 590, 597 (D. Md. 1984)(transfer would not serve the 'interest of justice' where the case, if transferred, would merely be dismissed in the transferee court); Froelich v. Petrelli, 472 F. Supp. 756, 763 (D. Haw. 1979)(not in interests of justice to transfer case to California because case would simply be dismissed under statute of limitations); Viaggio v. Field, 177 F. Supp. 643, 645 (D. Md. 1959)(not in the interests of justice to transfer case to Pennsylvania, since no hearing would be had on the merits there, and it would be an injustice to the defendant to require him to engage other and additional local counsel in Pennsylvania merely to plead the statute of limitations). Cf. Passic v. State, 98 F. Supp. 1015, 1016 (E.D. Mich. 1951)(finding transfer of frivolous habeas petition not in the interests of justice). For the reasons stated below, transfer of Plaintiff's complaint is not in the interests of justice.

Spivey alleges that he is blind and that he was served with a petition to establish paternity filed in the Juvenile Court for Henderson County, Tennessee.[1] Plaintiff claims that Defendant Jerry

---

[1] Plaintiff alleges that he met the child's mother through a telephone dating line and that she traveled to Memphis to meet him. He does not state where the child's mother resided.

Woodall is the Henderson County District Attorney, head of the office which prosecutes paternity and child support issues. According to the Complaint, Defendant F. Dean Barry, is the Assistant District Attorney who actually prosecuted the matter. Defendant Robert D. Star is the Administrator who signed the petition to establish paternity and instructed the mother of the child not to communicate with Plaintiff. Defendant Robert Stevie Beal is the presiding judge of Henderson County Juvenile Court.

Spivey contends he phoned Star's office and was informed that those employees could not provide him with information about the child or mother or about the case procedures, but referred him to Woodall and Barry. His calls to Woodall and Barry, Plaintiff claims, were screened and not returned. Plaintiff filed a motion to dismiss or transfer the proceeding to Shelby County because no public transportation was available to or in Lexington, Tennessee. He alleges that he wrote to Beal requesting a ruling on his motion. Plaintiff states that he received an order continuing the matter but not addressing his motion. He also maintains that he wrote Defendants about the motion and his inability to attend court in Lexington.

When an employee of Star's office called Plaintiff about a date for paternity testing, Spivey expressed his desire to participate in the proceedings, but informed the worker that he was "in the middle of finals and would be leaving to go to New Jersey for a month to get a seeing eye dog." Plaintiff states that he informed all Defendants of witnesses who could testify as to his parenting abilities.

4

Upon Plaintiff's return from New Jersey, he learned that an order had been entered which determined he was the father of the child but which did not address his motions or grant him custody or visitation with the child. Spivey contends that all Defendants knew that he was "doing everything in his power to participate in proceedings" but "collectively ignored court pleadings, many letters and calls and entered an order establishing paternity but nothing else." Plaintiff claims Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, because they knew he was blind, violated his rights to association and personal family matters, and deprived him of property without due process. He also alleges that the actions of Defendants violated his rights under 42 U.S.C. §§ 1981, 1983, and 1985. Spivey seeks monetary damages.

Spivey's claims, although characterized as violations of his civil rights, all arise from the state court paternity proceedings.[2] Plaintiff may not attack the state court domestic proceedings or judgment in a collateral proceeding in federal court. This would amount to obtaining review in this court of the decision of a Tennessee state court. Any claim arising from the manner in which those proceedings were litigated should have been presented in that forum.

> United States district courts . . . do not have
> jurisdiction[]over challenges to state-court decisions in

---

[2] Plaintiff contends that Defendants' conduct violated the ADA. Title II of the ADA prohibits **public entities** from discriminating against a qualified individual with a disability because of that individual's disability. 42 U.S.C. § 12132. Plaintiff has not sued a public entity. No alleged action by any named Defendant denied Plaintiff access to state court. Defendants, by virtue of their positions, could not provide legal advice to Plaintiff. The ADA does not require that a properly filed court action be transferred to an improper venue. The Court will not further address any claims under the ADA.

particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this [the United States Supreme] Court. 28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 486 (1983). See also Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)(federal district courts lack jurisdiction to review or modify a judgment of a state's highest court). In short, "[l]ower federal courts possess no power whatever to sit in direct review of state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993). Similarly,

> federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967).

Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970).

Plaintiff also has no claim for violation of his right to due process.

> In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law. Parratt[ v. Taylor, 451 U.S. 527,] 537 [(1981)]; Carey v. Piphus, 435 U.S. 247, 259 (1978)("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property"). The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.

Zinermon v. Burch, 494 U.S. 113, 125-26 (1990)(footnote and some citations omitted).

Generally, claims for deprivation of property without due process are not actionable under § 1983 if adequate state remedies are available to redress the deprivation. Id. at 132. See also Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985). Plaintiff had the right to contest and seek judicial review of the paternity proceeding in the state forum. He has the ability to file a petition for visitation or custody, if he wishes to pursue his parental rights. State law remedies clearly satisfy Plaintiff's due process rights.

To the extent that the state courts still have jurisdiction over any aspect of the paternity proceeding, this Court cannot exercise jurisdiction to interfere in the exercise of the state court's jurisdiction over those domestic relations issues. See, e.g., Mann v. Conlin, 22 F.3d 100, 105-06 (6th Cir. 1994); Hooks v. Hooks, 771 F.2d 935, 942 (6th Cir. 1985); Firestone v. Cleveland Trust Co., 654 F.2d 1212, 1215 (6th Cir. 1981); Jagiella v. Jagiella, 647 F.2d 561, 565 (5th Cir. 1981); Parker v. Turner, 626 F.2d 1, 4 (6th Cir. 1980). The state court is the proper forum for Spivey to air and litigate any defenses and complaints. Thus, this Court must abstain from exercising any jurisdiction over claims for relief which arise from the state court proceedings and decrees.

Plaintiff fails to state a claim against any named defendant. He sues Judge Beal complaining of rulings and actions taken during his state court proceedings. A Circuit Court judge, like other judges of courts of limited jurisdiction, enjoys absolute immunity from civil suits for money damages. Mireles v. Waco, 502 U.S. 9,

7

12 (1991); Stump v. Sparkman, 435 U.S. 349, 359-60 (1978); Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997) See also Johnson v. Turner, 125 F.2d 324, 333 (6th Cir. 1997)(holding Shelby County Juvenile Court Judge and Referees protected by absolute judicial immunity).

Courts have extended absolute immunity from damage actions under 42 U.S.C. § 1983 not only to judges and prosecutors, but also to court officers performing functions that are judicial in nature or are closely associated with the judicial process. See Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976); Demoran v. Witt, 781 F.2d 155, 156 (9th Cir. 1986) (probation officers preparing presentence reports for state court judges are entitled to absolute immunity from section 1983 damage actions). Additionally, "[a]bsolute judicial immunity has been extended to non-judicial officers who perform 'quasi-judicial' duties," Bush v. Rauch, 38 F.3d 842, 847-48 (6th Cir. 1994), including court clerks, Sirbaugh v. Young, 25 Fed. Appx. 266 (6th Cir. Dec. 7, 2001); Wappler v. Carniak, 24 Fed. Appx. 294, 295 (6th Cir. Oct. 30, 2001); Fish v. Murphy, 22 Fed. Appx. 480, 482 (6th Cir. Oct. 26, 2001). Plaintiff, therefore, has no viable claim against Defendant Star.

Spivey has no claim against the District Attorney or Assistant District Attorney for prosecuting him. The attorney's actions in deciding matters such as what charges to bring and pursue and how to prosecute, are all obviously court-related activities, for which the prosecutors are protected by absolute immunity. See Burns v. Reed, 500 U.S. 478, 490-492 (1991); Imbler, 424 U.S. at 427-28;

8

Grant v. Hollenbach, 870 F.2d 1135, 1137 (6th Cir. 1989); Jones v. Shankland, 800 F.2d 77, 80 (6th Cir. 1986).

Plaintiff's complaint seeks to assert claims which fail to state a claim upon which relief may be granted and claims barred by absolute immunity. The complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii), 28 U.S.C. § 1915A(b), and Fed. R. Civ. P. 12(h)(3).

III. APPEAL ISSUES

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint fails to state a claim upon which relief may be granted, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). Thus, the same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff would not be taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601, 612-13 (6th Cir. 1997), and Callihan v. Schneider, 178 F.3d 800 (6th Cir. 1999), apply to any appeal

9

filed by Plaintiff in this case. If Plaintiff files a notice of appeal, he must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917, or file a request for leave to appeal <u>in forma pauperis</u> by filing "within thirty days after service of the district court's decision as prescribed by Fed. R. App. P. 24(a)(4), a motion with [the Sixth Circuit] for leave to proceed as a pauper on appeal." <u>Callihan</u>, 178 F.3d at 803. Under <u>Callihan</u>, if Plaintiff does not within this thirty-day period either file the required motion or pay the filing fee, the appeal will be dismissed for want of prosecution. If the appeal is dismissed, it will not be reinstated once the fee is paid. <u>Id.</u> at 804.

IT IS SO ORDERED this 5th day of May, 2008.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE